**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PATRICK di SANTO,

                              Plaintiff,

                                                                    1:25-CV-1340
            v.                                                      (BKS/DJS)

NEW YORK STATE UNIFIED COURT SYSTEM,

                              Defendant.

APPEARANCES:

PATRICK di SANTO
Plaintiff, *Pro Se*
Lenexa, Kansas 66219

**DANIEL J. STEWART**
**United States Magistrate Judge**

#### REPORT-RECOMMENDATION and ORDER

On March 19, 2026, the undersigned issued a Report-Recommendation recommending dismissal of the Complaint with leave to amend because Plaintiff failed to provide sufficient notice of the factual and legal basis of his claims. Dkt. No. 10. Plaintiff did not file objections to the Report-Recommendation and instead filed an Amended Complaint. Dkt. No. 11, Am. Compl. The District Court has now referred the Amended Complaint for review under 28 U.S.C. § 1915. Dkt. No. 12.[1]

---

[1] Plaintiff has now also filed a Motion for an Evidentiary Hearing. Dkt. No. 13. That request is denied as premature.

- 1 -

The legal standard for review under section 1915 was previously outlined in this Court's prior decision, Dkt. No. 10 at pp. 1-3, and need not be recounted in detail here. In summary, this Court's task under section 1915(e) is to consider whether Plaintiff's Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Courts undertaking this review should liberally construe the pleadings. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). Certain legal defenses, including the expiration of the statute of limitations, provide a basis for dismissal under section 1915. *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015).

The Amended Complaint provides significantly greater detail than the original Complaint. Plaintiff's Amended Complaint makes clear that the allegations concern legal proceedings between 2013 and May 2018. Am. Compl. at ¶¶ 7-12. Those proceedings related to claims concerning personal property that was subject to forfeiture proceedings. *Id.* Plaintiff contends that he suffers from a traumatic brain injury that impairs his cognitive functioning. *Id.* at ¶ 13. He further goes on to allege that he requested "additional time and procedural flexibility," *id.* at ¶ 17, which Plaintiff asserts were "necessary to allow meaningful participation in proceedings affecting his rights and

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

property." *Id.* at ¶ 18. Little is offered as to exactly what those accommodations would practically have looked like or how they would have permitted Plaintiff's greater participation.

Plaintiff asserts claims under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *Id.* at pp. 3-4. An ADA claim arising in New York is governed by a three year statute of limitations. *Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 63 (2d Cir. 2019); *De La Rosa v. Lewis Foods of 42nd St., LLC*, 124 F. Supp. 3d 290, 299 n.14 (S.D.N.Y. 2015). The same three year limitations period applies to claims under the RA. *Vega-Ruiz v. Northwell Health*, 992 F.3d 61, 63 (2d Cir. 2021); *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). As discussed above, the facts giving rise to Plaintiff's claim concern proceedings in Ulster County Court between 2013 and May 2018. Am. Compl. at ¶¶ 7-12. This action, commenced in 2025, therefore, is clearly untimely.

Given the fact that Plaintiff alleges he suffers from a traumatic brain injury, Am. Compl. at ¶ 13 & p. 34, it is appropriate to consider whether any tolling may apply that precludes dismissal at this stage. Equitable tolling may be available if a party can "offer a 'particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights.'" *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). While it "is applied only in 'rare and exceptional' circumstances," *Dukes*

*v. City of Albany*, 289 F. Supp. 3d 387, 395 (N.D.N.Y. 2018) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)), tolling may be appropriate if Plaintiff's "injuries prevented him from filing his claim or [he claimed] he was misled about his ability to do so." *Sanchez v. City of New York*, 2020 WL 5238604, at *4 (S.D.N.Y. Feb. 11, 2020), *report and recommendation adopted*, 2020 WL 2094097 (S.D.N.Y. May 1, 2020). Nothing suggests, however, that tolling is appropriate here. This is the third action brought by Plaintiff in this District since 2019. *di Santo v. Ulster County Family Court*, 19-cv-1422 (DNH/DJS); *di Santo v. Ulster County*, 21-cv-1132 (DNH/DJS). Plaintiff's disability, therefore, has clearly not prevented him from filing lawsuits, nor does he appear to have had an understanding that he was not permitted to do so.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the request for an evidentiary hearing (Dkt. No. 13) is **DENIED**; and it further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

- 4 -

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: May 5, 2026
     Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).